18-2064-cr(L)
United States v. Walker

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                   No. 18-2064-cr(L);
                                                                     No. 18-2470-cr(CON)

TYRONE WALKER, KEVIN WALKER,

*Defendants-Appellants*.*

------------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT
TYRONE WALKER: JOHN A. KUCHERA, Waco, TX

FOR DEFENDANT-APPELLANT
KEVIN WALKER: MEREDITH S. HELLER, Law
Offices of Meredith S. Heller
PLLC, New York, NY

FOR APPELLEE: JORDAN ESTES, Assistant
United States Attorney (Anna
M. Skotko, Assistant United
States Attorney, *on the brief*) *for*
Geoffrey S. Berman, United
States Attorney for the
Southern District of New York,
New York, NY

Appeals from judgments of the United States District Court for the

Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgments of the District Court are AFFIRMED.

Tyrone Walker and Kevin Walker appeal from judgments of conviction

following a guilty plea and a jury trial, respectively, before the District Court

(Rakoff, J.), arising from a series of daytime robberies that culminated in charges

of Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, firearms

offenses, and, in Tyrone Walker's case, witness tampering. We assume the

2

parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

1.  Tyrone Walker

Tyrone Walker pleaded guilty to a four-count information charging substantive and conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, a firearms offense under 18 U.S.C. § 924(c)(1)(A)(iii), and witness tampering, 18 U.S.C. § 1512(b)(1).   On appeal, he challenges his conviction on Count Three of the superseding information, for the firearms offense.   He makes two related arguments, both of which we reject.

First, Tyrone Walker claims that Count Three was impermissibly duplicitous because it combined two separate § 924(c) crimes into one count: the offense of using or carrying a firearm during and in relation to a crime of violence, and the separate offense of aiding and abetting the possession of a firearm in furtherance of a crime of violence.   He did not move to dismiss Count Three on the basis of duplicity and therefore failed to preserve the error.   As a result, we review his claim for plain error.   See Fed. R. Crim. P. 52(b).   It is undisputed that the conduct to which Tyrone Walker admitted during his plea

3

allocution satisfied both prongs of § 924(c).   For that reason, we conclude that even if the two clauses of § 924(c) describe different offenses rather than different "means" of committing a single offense, <u>see</u> Fed. R. Crim. P. 7(c)(1), Tyrone Walker has failed to demonstrate that any duplicity affected his "substantial rights," as the third criterion of plain error analysis requires, <u>United States v. Vaval</u>, 404 F.3d 144, 151 (2d Cir. 2005).

Second, Tyrone Walker argues that his guilty plea on Count Three was not knowing and voluntary because the charge was duplicitous, because the offense was inaccurately described both in his plea agreement and during his plea hearing, and because the District Court failed to ensure that he understood the nature of the charged offense.   Because he did not object, we review for plain error.   We need not address any of the purported errors because Tyrone Walker has failed to show that they "affected substantial rights and that there is a reasonable probability that, but for the error[s], he would not have entered the plea."   <u>Id.</u> at 151 (quotation marks omitted); <u>see</u> <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 76 (2004); Fed. R. Crim. P. 11(h), 52(b).   He does not claim that he misunderstood the nature of the charge or that any misunderstanding

affected his decision to plead guilty.  See United States v. Torrellas, 455 F.3d 96, 103, 105 (2d Cir. 2006).  To the contrary, our review of Tyrone Walker's plea allocution and his trial testimony during Kevin Walker's first trial leaves no doubt that he understood the nature of the challenged charge.

    2.  Kevin Walker

    Kevin Walker was convicted after a jury trial of substantive Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and violating § 924(c)(1)(A). On appeal, Kevin Walker argues primarily that the District Court erred in admitting the testimony of Kyell Clay during his second trial.  Clay testified that, following the robberies for which Kevin Walker was charged, Kevin Walker devised and explained in detail how he, Clay, and another individual should commit yet another robbery.  The District Court ruled that the testimony was admissible either as an admission and direct evidence of Kevin Walker's participation in the charged robberies or as modus operandi evidence.  We need not decide whether the testimony was admissible as direct evidence, because we affirm its admission as modus operandi evidence under Rule 404(b) of the Federal Rules of Evidence.  Trial courts have broad discretion in admitting

5

evidence under this Court's inclusionary approach to Rule 404(b). United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009). Here, the District Court identified a number of details in Kevin Walker's plan that mirrored details of the charged robberies. Under these circumstances, the District Court did not abuse its discretion in admitting Clay's testimony.

Kevin Walker also challenges his sentence as substantively unreasonable, pointing to the disparity between his sentence of 240 months and his co-defendants' sentences of 121 months or less. We reject the challenge. First, district courts are not required to eliminate disparities between co-defendants. United States v. Ghailani, 733 F.3d 29, 55 (2d Cir. 2013). In any event, the District Court adequately explained the differences in the sentences imposed, citing Kevin Walker's leadership role, criminal history, and lack of cooperation as aggravating factors in comparison to his co-defendants. On this record, we will not disturb the District Court's below-Guidelines sentence. See United States v. Messina, 806 F.3d 55, 66 (2d Cir. 2015).

3. Challenge under United States v. Davis

Both Tyrone and Kevin Walker submitted letters pursuant to Rule 28(j) of

the Federal Rules of Appellate Procedure challenging their § 924(c) convictions as invalid based on the recent decisions of the Supreme Court and this Court in United States v. Davis, 139 S. Ct. 2319 (2019), Stokeling v. United States, 139 S. Ct. 544 (2019), and United States v. Barrett, No. 14-2641-cr, 2019 WL 4121728 (2d Cir. Aug. 30, 2019). We reject their claims as meritless. The § 924(c) conviction of each Defendant rested on convictions for both conspiracy and substantive Hobbs Act robbery as the predicate crimes of violence. Our prior holding in United States v. Hill, 890 F.3d 51, 53 (2d Cir. 2018), that substantive Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A), is unaffected by Davis, Stokeling, and Barrett and remains binding on us in this case. See Barrett, 2019 WL 4121728, at *2.

We have considered the Defendants-appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the District Court as to both Defendants-appellants are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7